## No. 1403.

### JAMES SMITH ET AL. VS. A. ESCOUBAS ET ALS.

The action to dissolve a sale for non payment of the price is prescribed by ten years.

Prescription is suspended, not interrupted, by the minority of the heirs.

The prescription running against a father at the time of his death is added to the course of prescription which has run since the heir is of age.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. Read, J.

*L. L. Bourges* for Plaintiffs and Appellees.

*C. DeBaillon, A. R. Mitchell, Fournet & Pujo* and *A. R. Mitchell, Jr.* for Defendants and Appellants:

1. Exceptions which affect the very foundation of the suit should be decided *in limine*, and should not be referred to the merits. 38 An. 525, Cochran vs. Violet et als.; 38 An. 232, Farmer vs. Hafley.

2. Tender of the outstanding notes and such part of the price as has been paid by the vendee is a condition precedent to the institution of the suit. 38 An. 587, Heirs of Castle vs. Floyd et als.; 23 An. 354, George vs. Knox; 21 An. 425, Latham vs. Hickey.

3. Suit can not be maintained if plaintiffs can not restore the *statu quo* or bring about the *restitutio ad integrum*. 38 An. 589, Heirs of Castle vs. Floyd.

4. The action to dissolve a sale for non-payment of price is prescribed by ten years. 34 An. 989, Edwards vs. White; 39 An. 301, Heirs of Pike vs. Heirs of Charlotte.

5. Prescription not complete at the ancestor's death is suspended, but not interrupted, by the minority of the heirs. C. C. 3522, Hennen's Digest, page 1231, No. 14; 6 An. 686, Smith vs. Gibbon; Marcadé, Vol. —, Prescription, pp. 150 and 295.

6. So where a father, against whom prescription has been running for six years, dies, leaving minor children, four years after their majority will complete the prescription of ten years. Hennen's Digest, page 1231, No. 14; 6th An. 686, Smith vs. Gibbon; Marcadé, Vol. —; Prescripiion. pp. 150 and 295.

7. La Suspension laisse en réserve le temps de prescription qui peut être antérieurement acquis. Marcadé, Vol. Prescription, pp. 150 and 295, Chap. III, p. 287.

The opinion of the court was delivered by

BREAUX, J. The plaintiffs are the heirs of the late Pierre Smith, and sue to dissolve a sale made by their father in 1866, for non payment of the purchase price.

The price was $2000; $950 cash and the remainder payable in three, six and nine months from the day of sale.

Prior to instituting suit plaintiffs did not make a tender of the outstanding purchase notes nor the cash portion of the purchase price.

The defendants alleged this ground of defense, also that the petition discloses no cause of action.

They plead the prescription of ten years as a bar to plaintiffs' action to enforce the resolutory condition.

Judgment was rendered for defendants as in case of non-suit. The minutes of the court *a qua* set forth that the judgment of non-suit was sustained because of the want of tender pleaded.

The defendants on appeal urge that the judgment should not be one of non-suit; that the judgment should maintain the plea of prescription and end the litigation. The plea of want of tender was well taken and does not admit of discussion.

As the plea of prescription is pressed it will be decided, and the other, of no cause of action, will be passed over; for prescription, if maintained, will finally dispose of the case.

The records disclose the following:

The sale from Pierre Smith to Hilaire Escoubas and Adolphe Escoubas, now sought to have dissolved, was passed on the 20th day of August, 1866. Adolphe Escoubas afterward sold his interest to Allen L. Perkins, made one of the defendants in this suit.

Citation was served on Mrs. Hilaire Escoubas on the 3d day of December, 1889; on Adolphe Escoubas on the 4th day of December, 1889, and on Allen J. Perkins on the 6th day of December, 1889.

We have already seen that the last installment matured May 20, 1867, from which time plaintiffs' right to the resolutory condition for non payment of the price accrued.

The right was prescribed on the 10th day of May, 1877, for it is no longer an open question that the action is subject to the prescription of ten years.

The plaintiffs contend that the prescription was suspended during the minority of the minors.

The defendants admit that suspension continued during the minority,

and urge that if the years of minority of plaintiffs be deducted, more than ten years' prescription remains.

Plaintiffs allege in their petition that their father, Pierre Smith, died in 1873. It is proven that he died May of that year.

At his death six years had elapsed of the ten years.

Plaintiff, George Smith, was not a minor at the time his father died.

It is proven that he was born in 1841. Prescription was not suspended as to him; for more than ten years had elapsed from the date of the maturity of the last installment to the date citation was served.

It is proven that the other plaintiff, James Smith, was of age in August, 1879.

His right of action prescribed in 1883, more than six years prior to the date this suit was instituted. The minority does not interrupt, but suspends the course of prescription. Smith vs. Gibbon, 6 An. 687.

The years which elapsed prior to the death of his father are added to those that have elapsed since he became of age. This completes the ten years' prescription

The issue of prescription having been presented, and it being met by the defendant, we think it proper to finally decide the case.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed, in so far as it decrees that tender of the price paid was necessary, and offer to return the notes representing the credit portion before instituting an action to dissolve the sale, and that the judgment be amended by striking out therefrom "as in case of new suit," and instead, it is decreed that defendants have judgment, rejecting plaintiffs' demand.

As amended, judgment appealed from is affirmed at appellees' costs.